# United States District Court
# Northern District of Indiana
# Hammond Division

| | | |
|---|---|---|
| MIKE BRENNAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 2:09-CV-140 JVB |
| | ) | |
| ISHIHARA SANGYO KAISHA, LTD.; | ) | |
| ISK MAGNETICS, INC.; | ) | |
| ISK AMERICAS INCORPORATED; | ) | |
| ISK CORPORATION, U.S.A.; | ) | |
| CATHAY INDUSTRIES, U.S.A.; and | ) | |
| SARGENT ELECTRIC COMPANY; | ) | |
| | ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

During his employment with Cathay Pigments in Porter County, Indiana, the Plaintiff, Mike Brennan, sustained serious injuries while operating a screw conveyor known as the "Line 2 Dryer," which led to this action. Defendant Sargent Electric Company removed the case to this Court on May 12, 2009. Defendant ISK Mangetics, Inc., moved for dismissal pursuant to Federal Rule of Civil Procedure 12(b)(2) and (b)(5) alleging that there was insufficient service of process and that this Court lacks personal jurisdiction. This Court concludes that it has personal jurisdiction over Defendant ISK Magnetics, Inc., and therefore, denies its Motion to Dismiss.

**A.    Factual and Procedural Background**

On January 26, 2008, the Plaintiff was injured while operating a screw conveyor known as the "Line 2 Dryer." The Plaintiff filed suit on April 9, 2009, against the named Defendants in

Porter County Circuit Court to recover damages for his injuries under the theories of negligence, strict liability tort, and negligent service, maintenance, repair and/or management. The case was removed to this Court on May 12, 2009, by Defendant Sargent Electric Company. On July 7, 2009, Defendant ISK Magnetics, Inc., moved to dismiss this action pursuant to Federal Rule of Civil Procedure 12(b)(2) and (b)(5), alleging that there was insufficient service of process and that this Court lacks personal jurisdiction over it. Plaintiff then moved for leave to re-serve Defendant on July 21, 2009, which was granted by this Court on September 25, 2009.

In his complaint, Plaintiff alleged that ISK Magnetics, Inc., was involved in the design, manufacture, and/or installation of the Line 2 Dryer that he was using when he sustained his injuries. In its Motion to Dismiss, ISK Magnetics, Inc., relies on the affidavit of Frank Hicks, the vice president of ISK Americas Incorporated and the treasurer of ISK Magnetics, Inc. Because the Plaintiff has not filed opposing affidavits or other material to contradict Mr. Hicks' affidavit, all of his assertions made therein are accepted as true. *GCIU-Employer Ret. Fund v. Goldfarb Corp.*, 565 F.3d 1018, 1020 n.1 (7th Cir. 2009).

ISK Magnetics, Inc., is a Delaware Corporation with its principle place of business in Concord, Ohio. (DE 15 at 2). ISK Americas, Inc., owns all of ISK Magnetics, Inc.'s, issued and outstanding stock. *Id.* ISK Magnetics, Inc., does not do business in Indiana, nor does it have any telephone listings, bank accounts, or an agent for service of process in Indiana. *Id.* at 3. ISK Magnetics, Inc., does not send employees to Indiana to conduct business on behalf of it nor does it have any offices in Indiana. *Id.* at 2–3. ISK Magnetics, Inc.[1], has no employees and does not conduct any business operations. *Id.* at 2. ISK Magnetics, Inc., once owned a building in

---

[1] Hereinafter, ISK Mangetics, Inc., will simply be referred to as "Defendant" for clarity purposes.

2

Valparaiso, Indiana, but sold the building to Cathay Industries, U.S.A., in 2006. *Id.* at 3. Defendant did not own or lease real property in the state of Indiana at the tine if Plaintiff's injury, nor does it now. *Id.* at 2.

**B.    Discussion**

Defendant makes two arguments in its Motion to Dismiss. First, Defendant asserts that this case should be dismissed because the Plaintiff failed to effectuate proper service; however, because the Court granted Plaintiff's Motion for Leave to Re-Serve the Defendant, this argument is moot. Second, Defendant contends that this case warrants dismissal because the Court lacks both general and specific personal jurisdiction over it.

When a defendant challenges the jurisdiction of a court, the plaintiff bears the burden of making a prima facie showing that personal jurisdiction exists. *Purdue Research Found. v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 782 (7th Cir. 2003). The court can consider sources such as affidavits, depositions, and oral testimony—in addition to the pleadings— to determine if the plaintiff has met this burden. *Turnock v. Cope*, 816 F.2d 332, 333 (7th Cir. 1987). In doing so, all facts and reasonable inferences from those facts are considered in a light most favorable to the plaintiff and all well-pleaded allegations in the complaint are considered to be true. *United States v. Grossman* 501 F.3d 846, 848 (7th Cir. 2007) (citing *Christensen v. County of Boone*, 483 F.3d 454, 457 (7th Cir. 2007)).

A federal court can only exercises personal jurisdiction over a defendant in diversity cases if a state court in which it sits would have jurisdiction. *Jennings v. AC Hydraulic A/S*, 383 F.3d 546, 548 (7th Cir. 2004). Therefore, the first step in the personal jurisdiction inquiry is to

examine the state's long-arm statute to determine if it permits jurisdiction. *Id*. Indiana's long-arm statute, which is found in Indiana Rule of Trial Procedure 4.4, provides specific circumstances when Indiana courts may have personal jurisdiction over individuals outside of the state. Such instances include when the individual or his agent does business within the state or causes personal injury or property damage by an act or omission done within the state. In addition, the statute provides federal courts with personal jurisdiction to the limits allowed under the Due Process Clause of the Fourteenth Amendment. *Wallace v. Herron*, 778 F.2d 391, 393 (7th Cir. 1985). As a result, the exercise of personal jurisdiction is proper so long as it comports with due process requirements. *Id.*

In order for a court to have personal jurisdiction over a defendant that is not present within the forum state, due process requires that the defendant have "minimum contacts with [the forum state] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe v. Washington*, 326 U.S. 310, 316 (1945). Part of the analysis under due process is whether "the defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there." *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 474 (1985) (quoting *World-Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 297 (1980)). Whether a defendant should reasonably anticipate suit in another state depends on whether the defendant "purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Id.* at 475 (quoting *Hanson v. Denckla*, 357 U.S. 235, 253 (1958)).

There are two types of personal jurisdiction: general and specific. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414–15 (1984). When a defendant has a

4

general presence in the forum state, a court has general personal jurisdiction over the defendant regardless of whether the defendant's presence is related to the suit. *Id.* at 415 n.9. However, if the defendant does not have a general presence in the forum state, the court may still hear the case on the basis of specific personal jurisdiction if the action is a result of the defendant's contacts with the forum. *Id.* at 414 n.8. Therefore, the Court must determine whether Defendant has such minimum contacts with the state of Indiana that the exercise of either general or specific personal jurisdiction is proper.

**(1)** *General Personal Jurisdiction*

Defendant first contends that the Court lacks general personal jurisdiction over it because it does not have continuous and systematic business contacts with the state of Indiana. It's argument rests upon the fact that its only contact with Indiana is its prior ownership of a facility located in Valparaiso that it sold to Cathay Industries in July 2006. Defendant asserts that this prior contact with the forum cannot serve as the basis for establishing general jurisdiction over it because it did not own the facility at the time of Plaintiff's injury or at the time the Complaint was filed.

General personal jurisdiction requires that the defendant have a general presence within the state in which it is being sued. Because a corporate entity, like the Defendant, cannot be physically present within a forum, its presence is determined by the actions of those individuals who are authorized to act on its behalf that take place within the state. *Int'l Shoe*, 326 U.S. at 316–17. When a corporation does business within a state it enjoys the benefits and protection of that state's law. Therefore, when a corporation has continuous and systematic business contacts

within a state, it is reasonable to subject it to suits in that forum that result from the corporation's contacts with the forum. *Id.* at 317. While the number of contacts it takes to be considered continuous and systematic has not been defined, it is clearly more than a single contact. *See, e.g., Helicopteros,* 466 U.S. 408 (1984) (finding that sending an employee to another state for a meeting and other employees for training does not constitute continuous and systematic business).

The evidence presented to the Court shows that the Defendant does not have continuous and systematic contacts with the state of Indiana. Defendant is a Delaware corporation with its principle place of business in Ohio and does not have an agent for process, bank accounts, or telephone listings in Indiana. Additionally, Defendant does not conduct any business in Indiana nor does it send employees to the state to conduct business on its behalf. Furthermore, Defendant does not now and did not at the time of Plaintiff's injury own or lease any real property in Indiana. Defendant's only contact with the state of Indiana is once owning a facility, which it no longer owns nor owned when the Plaintiff's injuries occurred. As a result of Defendant's lack of contacts with the state of Indiana, the Court does not possess general personal jurisdiction over the Defendant.

**(2)** *Specific Personal Jurisdiction*

Specific personal jurisdiction is used to reach defendants outside of the forum state who lack a general presence within the state but have contacts with the state that give rise to the lawsuit. *Helicopteros*, 466 U.S. at 414 n.8. Particularly, the foundation of specific personal jurisdiction is the "relationship among the defendant, the forum, and the litigation." *Id.* at 414

(quoting *Shaffer v. Heitner*, 433 U.S. 186, 204 (1977)). Unlike general personal jurisdiction where the defendant must have continuous and systematic contacts with the forum state, a single act can result in a court having specific personal jurisdiction over a defendant so long as that act establishes a substantial connection with the forum state. *Burger King*, 471 U.S. at 475 n.18 (citing *McGee v. Int'l Life Ins. Co.,* 355 U.S. 220, 223 (1957)). The defendant must have purposely availed himself of the privilege of conducting activities in the forum state in order for specific personal jurisdiction to exist. *Id.* 474–75.

The Due Process Clause protects defendants from being subjected to suit in forums where they do not have sufficient contacts by requiring that individuals have "fair warning that a particular activity may subject [them] to the jurisdiction of a foreign sovereign." *Id.* at 472 (quoting *Shaffer v. Heitner*, 433 U.S. 186, 218 (1977) (Stevens, J., concurring in judgement)). Such requirement "gives a degree of predictability to the legal system that allows potential defendants to structure their primary conduct with some minimum assurance as to where that conduct will and will not render them liable to suit." *Id.* (quoting *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980)). This fair warning requirement arises at the time of the events giving rise to suit rather than when the suit is filed. *Quest Sports Surfacing, L.L.C. v. 1st Turf, Inc.*, 2008 WL 3853385, at *4 (S.D. Ind. Aug. 15, 2008) (citing *Steel v. United States,* 813 F. 2d 1545, 1549 (9th Cir. 1987)). The due process requirement of fair warning is satisfied if a defendant purposefully directs his activities at residents of the forum and litigation results from alleged injuries that arise out of or relate to those activities. *Burger King*, 471 U.S. at 472–73 (citing *Keeton v. Hustler Magazines, Inc.*, 465 U.S. 770, 774 (1984); *Helicopteros*, 466 U.S. at 408).

7

The Defendant contends that the action giving rise to the suit was the Plaintiff's injury. Therefore, Defendant maintains that the Court would only have specific jurisdiction over it if it had contacts with Indiana at the time the Plaintiff was injured, which it did not. On the other hand, Plaintiff asserts that the event giving rise to the lawsuit was the Defendant's negligent design, manufacture, or installation of the machinery at the plant in Indiana that caused his injuries. Plaintiff further contends that Defendant cannot escape personal jurisdiction of this Court simply by moving away from Indiana.

Neither party cited relevant cases resolving the issue of which event is the one that gives rise to the suit. The Defendant makes a blanket statement that because actions for personal injury do not accrue until an injury has taken place, it should follow that personal jurisdiction should be based upon the time of the injury as well. Likewise, Plaintiff alleges that the events giving rise to the suit started with the design, manufacturing, and installation of the Line 2 Dryer, but fails to support this statement.

*Zenith Ins. Co. v. Employers Ins. of Wausau*, 141 F.3d 300 (7th Cir. 1998) provides some insight on this issue. There, a driver was injured when a wheel of his car fell off while he was driving on the highway. *Id.* at 302. In explaining the facts of the case, the court stated that the events giving rise to the suit were set in motion when a company sold lug nuts to a mechanic who then installed them on the injured driver's vehicle. *Id.* Therefore, it is not necessarily the injury, but rather the action responsible for the injury, that gives rise to the lawsuit. As a result, Plaintiff's argument that the event giving rise to the lawsuit was Defendant's design, manufacturing, or installation of the Line 2 Dryer is more persuasive.

In its brief, Defendant denies the lack of contact with the forum, but does not deny that it

designed, manufactured, or installed the Line 2 Dryer. While the Complaint is not clear that the design and manufacturing of the product occurred in Indiana, the installation of the product did take place in Indiana. Therefore, this one contact of placing a good in the stream of commerce, can serve as grounds for this Court having personal jurisdiction over the Defendant, especially because it had knowledge that it would be used in Indiana. *See*, e.g., *Anderson v. Sportmart, Inc.*, 57 F. Supp. 2d 651 (N.D. Ind. 1999) (finding that placing goods in the stream of commerce with knowledge of distribution system created sufficient contacts for personal jurisdiction). Furthermore, at the time of the events giving rise to this action, the Defendant still owned the plant where Plaintiff's injury occurred. In light of these factors, Defendant should have reasonably anticipated being subjected to suit in Indiana.

Furthermore, Plaintiff's assertion that the Defendant cannot escape personal jurisdiction by moving to another state is compelling. *See Steel v. United States*, 813 F.2d 1545 (9th Cir. 1987) ("[O]ne cannot defeat personal jurisdiction by a move away from the state in which the underlying events took place"); *Arizona Barite Co. v. Western-Knapp Eng'g Co.*, 170 F.2d 684 (9th Cir. 1948) (determining that cessation of business in state does not insulate corporation from jurisdiction for acts committed while doing business). This is logical as it would not make sense to allow defendants to design, manufacture, or install faulty equipment and then not be held responsible for injuries caused to a user of that equipment simply because the defendant no longer does business in that state. Therefore, the Court finds that it has personal jurisdiction over the Defendant even though the Defendant no longer has ongoing contacts with the state of Indiana.

## C. Conclusion

For the foregoing reasons, Defendant's Motion to Dismiss [DE14] is DENIED.

SO ORDERED on October 23, 2009, 2009.


  s/ Joseph S. Van Bokkelen
Joseph S. Van Bokkelen
United States District Judge